**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation and Real Estate Counsel*
*to Robert L. Geltzer as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq.
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re                                                      :
                                                           :   **Chapter 7**
ESTELLA BRIZINOVA AND                                      :
EDWARD SOSHKIN,                                            :   **Case No. 12-42935 (ESS)**
                                                           :
                                    **Debtors.**           :
---------------------------------------------------------X
ROBERT L. GELTZER, AS CHAPTER 7                            :
TRUSTEE OF THE ESTATE OF                                   :
ESTELLA BRIZINOVA AND                                      :
EDWARD SOSHKIN,                                            :
                                                           :
                                    **Plaintiff,**         :
                                                           :
            - against -                                    :   **Adv. Proc. No. _____ (ESS)**
                                                           :
ZLATA SOSHKIN a/k/a                                        :
ZLATA POLUKHINA,                                           :
                                                           :
                                    **Defendant.**         :
---------------------------------------------------------X

## TRUSTEE'S COMPLAINT

Plaintiff, Robert L. Geltzer, as Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of Estella Brizinova and Edward Soshkin (the "**Debtors**"), the Debtors in the above-captioned bankruptcy case, by his substitute special litigation and real estate counsel, Tarter Krinsky & Drogin LLP, as and for his Complaint against Zlata Soshkin a/k/a Zlata Polukhina ("**Defendant**"), alleges upon information and belief (which information and belief is based upon, among other things, deposition testimony given in the adversary proceeding in the Debtors' bankruptcy case

captioned *Geltzer as Chapter 7 Trustee v. Brizinova, et al.,* Adv. Proc. No. 15-01073 (ESS) (the "**Debtors Adversary**"), document production received from eBay, Inc. and PayPal in the course of discovery in the Debtors Adversary, and documents and information obtained from various public records and internet sites) as follows:

## PRELIMINARY STATEMENT

1. In this adversary proceeding, the Trustee seeks: (i) judgment, pursuant to Sections 541 and 542 of Title 11 of the United States Code (the "**Bankruptcy Code**"), for turnover by Defendant of property of the Debtors' bankruptcy estate; (ii) recovery of both compensatory and punitive damages by reason of Defendant's knowing and willful conversion of property of the bankruptcy estate; and (iii) declaratory and related relief, including both compensatory and punitive damages, by reason of Defendant's knowing and willful violation of the automatic stay provisions contained in Section 362(a)(3) of the Bankruptcy Code.

## PARTIES, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

2. Plaintiff is the Chapter 7 Trustee of the Debtors' bankruptcy estate.

3. Defendant is the daughter-in-law of the Debtors, being married to the Debtors' son Nick Soshkin, with whom she resides at 288 Timber Ridge Drive, Staten Island, New York 10306.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. By virtue of 28 U.S.C. § 157(a), and the Standing Order of Reference, dated August 29, 1986, of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to this Court. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises under, and is in connection with, a case under 11 U.S.C § 101, *et seq.*

5. The Trustee consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. This adversary proceeding is commenced pursuant to Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Sections 105(a), 362, 541, and 542 of the Bankruptcy Code, and the common law of the State of New York.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. On April 24, 2012 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

8. Shortly thereafter, Plaintiff was appointed as the interim Chapter 7 trustee for the Debtors' estate. Plaintiff subsequently became permanent trustee of the Debtors' bankruptcy estate pursuant to section 702(d) of the Bankruptcy Code and by operation of law, and is presently serving as such Trustee.

9. As set forth in Schedule B to the Debtors' petition filed in this case, as of the Petition Date, the Debtor Estella Brizinova ("**Brizinova**") held a 100% ownership interest in a New York corporation, ENSI Consulting, Inc. ("**ENSI**"). Upon the filing of their petition, said 100% ownership interest in ENSI became an asset of the Debtors' bankruptcy estate of which Plaintiff was and remains the Trustee.

10. The Debtors each testified at their respective Bankruptcy Rule 2004 examinations conducted on behalf of the Trustee in the instant Chapter 7 case, and the Debtor Edward Soshkin testified at his deposition in the Debtors Adversary, that ENSI's business was the sale of various auto parts through the internet and through eBay.

11. As of the Petition Date, the Debtor Brizinova's 100% interest in ENSI became property of the Debtors' bankruptcy estate.

12. Documents produced by eBay and by PayPal during discovery in the Debtors Adversary, and additional information and documents obtained from the internet, evidence the following:

- Notwithstanding that as of the Petition Date, Brizinova's 100% interest in ENSI became property of the Debtors' bankruptcy estate, and without any authorization from the Trustee whatsoever, ENSI continued to sell auto parts subsequent to the Petition Date for a period in excess of three (3) years, commencing on the Petition Date of April 24, 2012 and ending no earlier than July 18, 2015.

- Said unauthorized post-Petition Date ENSI sales of auto parts, which generated sale proceeds of at least $42,431.66, all of which proceeds constitute property of the Debtors' estate, were effectuated via eBay using the same user identification account, "buydashtrims," used by ENSI pre-petition to effectuate sales of auto parts via eBay.

- Said eBay user identification account, "buydashtims," at all relevant times herein, was and is registered to Zlata Polukhina, which upon information and belief is Defendant's maiden name, and the registration indicates her address as 288 Timber Ridge Drive, Staten Island, New York 10306, the aforementioned address where, upon information and belief, at all relevant times, Defendant has resided, and presently resides, with her husband, Nick Soshkin, the Debtors' son.

- Purchasers of the aforesaid post-Petition Date sales of ENSI auto parts effectuated via eBay made their payments to a PayPal account registered in Defendant's maiden name, Zlata Polukhina, and said registration, like the eBay registration, indicates her address as 288 Timber Ridge Drive, Staten Island, New York 10306.

- The sale proceeds derived from ENSI's aforesaid post-Petition Date sales (the "**Post-Petition Sale Proceeds**") were deposited into said PayPal account registered to Defendant, and additional records produced by PayPal evidence the use of certain monies from that PayPal account for Defendant's own personal purchases and/or use and for purchases made by and/or on behalf Defendant's husband Nick Soshkin and the Debtors' other son (Defendant's brother-in-law) Igor Soshkin.

- Moreover, said PayPal account has been linked to checking accounts at both JPMorgan Chase and TD Bank in Defendant's maiden name, Zlata Polukhina.

13. Notwithstanding that the bankruptcy estate has been the rightful owner of the 100% interest in ENSI since the Petition Date, and that the Post-Petition Sale Proceeds constitute property of the Debtors' estate, none of the Post-Petition Sale Proceeds have ever been turned over to the Trustee, despite his repeated demands therefor.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
**(Turnover of Estate Property Pursuant**
**to Section 542 of the Bankruptcy Code)**

14. The Trustee hereby incorporates all previous allegations set forth above in this Complaint as though fully set forth herein.

15. The Post-Petition Sale Proceeds constitute property of the Debtors' bankruptcy estate as provided for in section 541 of the Bankruptcy Code.

16. As set forth above, the Post-Petition Sale Proceeds are in the possession, custody and/or control of Defendant.

17. Defendant, notwithstanding demand having been made therefor on behalf of the Trustee, has failed to turn over any of the Post-Petition Sale Proceeds to the Trustee and has failed to account for same.

18. Based on the foregoing, and pursuant to section 542 of the Bankruptcy Code, Defendant must turn over to the Trustee, and account for the Post-Petition Sale Proceeds and/or the value thereof, which Post-Petition Sale Proceeds are in an amount to be proven at trial, currently estimated to be in the amount of at least $42,431.66, together with interest thereon.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
**(Conversion of Estate Property)**

19. The Trustee hereby incorporates all previous allegations set forth above in this Complaint as though fully set forth herein.

20. As set forth above, Defendant willfully, knowingly and wrongly has converted property belonging to the Debtors' estate, namely (a) the estate's 100% interest in ENSI, and (b) the Post-Petition Sale Proceeds, which have been derived from the aforementioned sales of ENSI auto parts effectuated via the aforesaid eBay account registered in Defendant's name, which then have been deposited into Defendant's aforesaid PayPal account, and which then in part have been used for Defendant's own personal purchases and/or use and for purchases made by and/or on behalf Defendant's husband Nick Soshkin and the Debtors' other son (Defendant's brother-in-law) Igor Soshkin.

21. Thus, Defendant willfully, knowingly and wrongly has exercised dominion and control over, and has converted to the aforesaid uses, such property, namely the estate's 100% interest in ENSI and the Post-Petition Sale Proceeds, to the exclusion and detriment of the Trustee and of the Debtors' estate.

22. As a result of said willful, knowing and wrongful conversion of the estate's property by Defendant, the Trustee is entitled to an award of: (a) damages in an amount to be determined at trial, currently estimated to be in the amount of at least $42,431.66, together with interest thereon; and (ii) of punitive damages in an amount to be determined by this Court.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
**(Violations of the Automatic Stay under Section 362(a)**
**of the Bankruptcy Code)**

23. The Trustee hereby incorporates all previous allegations set forth above in this Complaint as though fully set forth herein.

24. Pursuant to Section 363(a)(3) of the Bankruptcy Code, the filing of the Debtors' petition in this case on the Petition Date operated as of that date, and has continued to operate

through and including the present, as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

25. Defendant had knowledge of the Debtors' filing of their petition in this case and that as of the Petition Date, the Trustee, on behalf of the debtor's bankruptcy estate, had become the owner of Brizinova's 100% interest in ENSI and was entitled to a turnover of that interest and of all Post-Petition Sale Proceeds therefrom.

26. Notwithstanding said knowledge, Defendant, intentionally, willingly and knowingly violated the automatic stay under Section 363(a)(3) of the Bankruptcy Code by causing: (a) post-Petition Date sales of ENSI auto parts to be effectuated via her aforesaid eBay account, (b) the Post-Petition Sale Proceeds derived therefrom to be deposited into her aforesaid PayPal account, and (c) certain of those Post-Petition Sale Proceeds to be used for Defendant's own personal purchases and/or use and for purchases made by and/or on behalf Defendant's husband Nick Soshkin and the Debtors' other son (Defendant's brother-in-law) Igor Soshkin.

27. By reason of the foregoing, the Debtors' estate has been damaged, as a result of which the Trustee is entitled to: (i) a declaratory judgment that Defendant has violated the automatic stay under section 362(a)(3) of the Bankruptcy Code; (ii) an order enforcing the automatic stay and enjoining Defendant from making any further transfer of the bankruptcy estate's 100% interest in ENSI and in the Post-Petition Sale Proceeds; (iii) damages under section 362(k) of the Bankruptcy Code in an amount to be determined at trial, currently believed to be in the amount of at least $42,431.66, together with interest thereon; and (iv) punitive damages under section 362(k) of the Bankruptcy Code in an amount to be determined by the Court.

**WHEREFORE,** the Trustee demands judgment against Defendant on his claims for relief as set forth herein as follows:

A. On the First Claim for Relief pursuant to section 542 of the Bankruptcy Code, directing Defendant to turn over to the Trustee and to account for the Post-Petition Sale Proceeds and/or the value thereof, which Post-Petition Sale Proceeds are in an amount to be proven at trial, currently estimated to be in the amount of at least $42,431.66, together with interest thereon;

B. On the Second Claim for Relief, awarding judgment in favor of the Trustee and against Defendant for: (i) damages in an amount to be determined at trial, currently estimated to be in the amount of at least $42,431.66, together with interest thereon; and (ii) punitive damages in an amount to be determined by this Court;

C. On the Third Claim for Relief, (i) a declaratory judgment that Defendant has violated the automatic stay under section 362(a) of the Bankruptcy Code; (ii) an order enforcing the automatic stay and enjoining Defendant from making any further transfer of the bankruptcy estate's 100% interest in ENSI and in the Post-Petition Sale Proceeds; (iii) damages under Section 362(k) of the Bankruptcy Code in an amount to be determined at trial, currently believed to be in the amount of at least $42,431.66, together with interest thereon; and (iv) punitive damages in an amount to be determined by the Court;

D. Awarding the Trustee the reasonable costs and disbursements incurred in connection with this adversary proceeding; and

E. Granting any additional relief that this Court deems just and equitable.

Dated: New York, New York
November 9, 2017

**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation and Real Estate
Counsel to Robert L. Geltzer as
Chapter 7 Trustee*

By: /s/ Robert A. Wolf
Robert A. Wolf, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com